IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY DRIVER, JR.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>US DISTRICT COURT FOR EASTERN DISTRICT OF CALIFORNIA, et al.,<br><br>　　　　Defendants. | No. 2:20-CV-1158-KJM-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2).

**DISCUSSION**

The PLRA's "three strikes" provision, found at 28 U.S.C. § 1915(g), provides as follows:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained . . ., brought an action . . . in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id.

///

1

Thus, when a prisoner plaintiff has had three or more prior actions dismissed for one of the reasons set forth in the statute, such "strikes" preclude the prisoner from proceeding in forma pauperis unless the imminent danger exception applies.  Dismissals for failure to exhaust available administrative remedies generally do not count as "strikes" unless the failure to exhaust is clear on the face of the complaint.  See Richey v. Dahne, 807 F.3d 1202, 1208 (9th Cir. 2015).  Dismissed habeas petitions do not count as "strikes" under § 1915(g).  See Andrews v. King, 398 F.3d 1113, 1122 (9th Cir. 2005).  Where, however, a dismissed habeas action was merely a disguised civil rights action, the district court may conclude that it counts as a "strike."  See id. at n.12.

Prior to filing the instant action, plaintiff has, on more than three occasions, brought an action that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. See ECF Nos. 7 and 9 in Driver v. U.S. Special Master, 1:17-CV-0202-DAD-BAM.  Plaintiff's current claim also does not allege that he is in any danger of imminent physical harm. Although plaintiff writes that he is in imminent danger of physical harm, he only alleges that defendants conspired to deny his requests for jury trials for money damages. See ECF No. 1, pg. 3, in current action. A denial of jury trials for monetary damages does not constitute any sort of danger to plaintiff's physical well-being. Thus, plaintiff also does not qualify for in forma pauperis status on the basis of an imminent danger exception.

///
///
///
///
///
///
///
///
///

**CONCLUSION**

Based on the foregoing, the undersigned recommends that plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) be denied and that plaintiff be required to pay the filing fees in full before this action may proceed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 24, 2020

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE