1
2
3
4
5
6
7

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BILLY DRIVER, JR., | No. 2:20-CV-1158-KJM-DMC-P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| US DISTRICT COURT FOR EASTERN DISTRICT OF CALIFORNIA, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's "Request for Accommodations by Persons with Disabilities and Response," ECF No. 12.[1]

Plaintiff's motion is presented on a Judicial Council of California form MC-410 and is made pursuant to California Rule of Court 1.100. See id.  While plaintiff's filing is less than clear, it appears plaintiff requests that the Court command the following:

 1. Mandatory arbitration.

 2. Immediate issuance of the summons.

 3. A pre-trial conference to be conducted by September 30, 2020.

---

[1] Plaintiff has filed the identical document in Driver v. Gibson, et al., E. Dist. Cal. case no. 2:20-CV-0642-KJM-DMC-P, ECF Nos. 19 and 24.

1

| | | | |
|---|---|---|---|
| 1 | | 4. | A loan from the Court in the amount of $10 million. |
| 2 | | 5. | Funding from the Court for media coverage. |
| 3 | | 6. | Funding from the Court for a security detail. |
| 4 | | 7. | Funding from the Court for legal fees and costs. |
| 5 | | 8. | Funding from the Court for mandatory arbitration fees and costs. |

ECF No. 12.

To the extent plaintiff's motion can be seen as requesting some form of mandamus relief, and in an abundance of caution so as not to exceed the undersigned's jurisdiction, the court presents these findings and recommendations to the assigned District Judge.

Under 28 U.S.C. § 1651(a), all federal courts may issue writs "in aid of their respective jurisdictions. . ."  In addition, the district court has original jurisdiction under 28 U.S.C. § 1361 to issue writs of mandamus.  That jurisdiction is limited, however, to writs of mandamus to "compel an officer or employee of the United States or any agency thereof to perform a duty. . ." 28 U.S.C. § 1361 (emphasis added).  Where the federal court does have jurisdiction to consider a petition for a writ of mandamus, such a writ may not issue unless it is to enforce an established right by compelling the performance of a corresponding non-discretionary ministerial act.  See Finley v. Chandler, 377 F.2d 548 (9th Cir. 1967).

The Court finds that the apparent mandamus relief requested by plaintiff is not warranted.  The Court has not determined that plaintiff's complaint is appropriate for service, no defendants have been served, and no defendants have appeared.  Therefore, consideration of alternative dispute resolution, mandatory arbitration, issuance of the summons, and scheduling is premature and certainly not a "non-discretionary ministerial act" to "enforce an established right." See id.  Similarly, plaintiff has not pointed to any "established right" to the funding requests and $10 million loan he seeks.  Finally, the Court notes that plaintiff's motion is presented on a state court form for persons with disabilities who seek accommodations from the Court based on their disability.  See ECF No. 12.  The form requires a showing of the "[m]edical condition necessitating accommodation" and the "[t]ype or types of accommodation requested." Id.  Plaintiff has not, however, alleged he has a medical condition necessitating an accommodation

and none of the "accommodations" he seeks relate to a medical condition or a disability.

Based on the foregoing, the undersigned recommends that plaintiff's "Request for Accommodations by Persons with Disabilities and Response," ECF No. 12, be construed as a request for mandamus relief and, so construed, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 18, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE